The Supreme Court docket number is SC 16195.

*Lisa Herskowitz*, assistant state's attorney, in support of the petition.

Decided September 29, 1999

## STATE OF CONNECTICUT *v.* WILLIAM JAMES

The defendant's petition for certification for appeal from the Appellate Court, 54 Conn. App. 26 (AC 17248), is denied.

BERDON, J., dissenting. I would grant certification to appeal on the following issue: Whether the defendant, William James, was required to retreat under General

Statutes § 53a-19 (b)[1] before he used deadly force against the intruder who entered the defendant's house in violation of a protective order issued by the court pursuant to General Statutes § 46b-38c (d) and (e),[2] thereby committing a trespass in violation of General Statutes § 53a-107 (a) (2).[3]

*Mark Rademacher*, assistant public defender, in support of the petition.

*Leon F. Dalbec, Jr.*, assistant state's attorney, in opposition.

Decided September 29, 1999

---

[1] General Statutes § 53a-19 (b) provides in relevant part: "Notwithstanding the provisions of subsection (a) of this section, a person is not justified in using deadly physical force upon another person if he knows that he can avoid the necessity of using such force with complete safety (1) by retreating, except that the actor shall not be required to retreat if he is in his dwelling, as defined in section 53a-100, or place of work and was not the initial aggressor . . . ."

[2] General Statutes § 46b-38c provides in relevant part: "(d) . . . A judge of the Superior Court may consider and impose the following conditions to protect the parties, including but not limited to: (1) Issuance of a protective order pursuant to subsection (e); such order shall be an order of the court, and the clerk of the court shall cause (A) a certified copy of such order to be sent to the victim, and (B) a certified copy of such order to be sent within forty-eight hours of its issuance to the appropriate law enforcement agency . . . .

"(e) A protective order issued under this section may include provisions necessary to protect the victim from threats, harassment, injury or intimidation by the defendant, including but not limited to, an order enjoining the defendant from . . . (3) entering . . . the dwelling of the victim. . . ."

[3] General Statutes § 53a-107 (a) provides in relevant part: "A person is guilty of criminal trespass in the first degree when . . . (2) he enters or

remains in a building or any other premises in violation of . . . a protective order issued pursuant to section 46b-38c or 54-1k by the Superior Court."